UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| STEVEN SCHONBERG, *pro se*<br><br>7938 SE 12th Circle<br>Ocala, FL 34480<br>Phone # 352-789-0610<br><br>Plaintiff,<br><br>V.<br><br>HCA HEALTHCARE, INC.<br><br><br>One Park Plaza<br>Nashville, TN 37203<br><br>Defendant. | ) 5:23-cv-296 BJD PRL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR MONEY DAMAGES.
DEMAND FOR A JURY TRIAL.**

### Introduction

Maribeth Schonberg, plaintiff's deceased wife, underwent a Ventriculo-Peritoneal Shunt ("vp shunt" hereinafter) for mild hydrocephalus on August 5, 2022 at HCA Ocala Regional Medical Center. Due to medical negligence, a tangled mess of vp shunt catheter was left in plaintiff's chest wall that required

1

complicated plastic surgery and general surgery procedures. Maribeth Schonberg notified defendant of her claims and agreed to accept $20,000 from the defendant to settle them. Maribeth Schonberg signed a settlement agreement provided by defendant's attorneys. Plaintiff is now the lawful recipient of those funds. Defendant has refused to pay plaintiff the $20,000 in violation of the settlement agreement.[1] In addition, plaintiff has causes of actions for his personal physical and emotional damages due to the misconduct of defendant's physicians.

## Jurisdiction and Venue

Plaintiff is a citizen and resident of the State of Florida. Defendant is a corporation with its headquarters located in the State of Tennessee. The amount in controversy in this matter is greater than $75,000, exclusive of interest and costs. Jurisdiction is proper under 28 U.S.C. §1332. Maribeth Schonberg's operations were performed at HCA Ocala Hospital in Ocala, Florida, and that is where she died. Venue is proper under 28 U.S.C. §1391(b)(2).

---

[1] Defendant's attorney for the settlement was N. Rivver Cox. He has "disappeared" from the internet; and there is no answer at his law office phone number. On or about May 3, 2023, Plaintiff left phone messages with HCA chief legal counsel, Michael R. McAlevey, and HCA attorney Craig Brooks, but neither returned his calls. Neither attorney had an available email address online for the public. Plaintiff emailed a prior version of this complaint to the CEO of defendant, Samuel N. Hazen, at samuel.hazen@hcahealthcare.com on 5/3/23, and there has been no response. s

2

## Parties

A. Plaintiff Schonberg

Plaintiff is the widower of Maribeth Schonberg who died on April 10, 2023, after an unnecessarily prolonged terminal coma from intracranial bleeding. Plaintiff is a retired medical doctor and lawyer. He received his MD degree from the University of Colorado in 1967 and served as a flight surgeon in the USNR on active duty for 3 years during the Vietnam Conflict. He then practiced Emergency Medicine for 13 years in Albuquerque, New Mexico. In 1975 plaintiff graduated with a JD degree from the University of New Mexico School of Law. He was a medical malpractice trial lawyer from 1975 until 2003 when he retired from both law and medicine.

B. Defendant HCA

Defendant is a very large healthcare corporation listed on the New York Stock Exchange with ticker symbol "HCA." It was incorporated in Delaware and has its principal place of business in Nashville, Tennessee. It owns and manages HCA Ocala Hospital, as well as HCA PHYSICIAN SERVICES GROUP, HCA FLORIDA OCALA SURGICAL GROUP that employed all of the physicians pertinent to this lawsuit.

**Count I: Negligence of Jacek Wecowski, MD**

3

1. Dr. Wecowski is the general surgeon who assisted neurosurgeon Praveen Reddy, MD, in a VP shunt operation performed on Maribeth Schonberg on August 5, 2022 for treatment of mild hydrocephalus.

2. Dr. Wecowski negligently failed to properly insert the vp shunt catheter completely into Maribeth's abdominal cavity.  And Dr. Wecowski negligently threaded the catheter into Maribeth's breast and her breast implant instead of in the tissue below her breast and above the chest wall.

3. Dr. Wecowski's negligence was probably gross and outrageous because he failed to manage the simple task of properly positioning Maribeth Schonberg's vp shunt catheter.

4. It is possible that Dr. Reddy was a contributorily negligent physician in this regard.  If the settlement agreement between Maribeth Schonberg and the defendant is dissolved, discovery will be necessary to determine "who did what" to cause the catheter mess in Maribeth's chest.  Here are the x-rays which prove the negligence:



Proper Placement of Catheter                              Mess in the Chest Catheter

These x-rays show such obvious medical negligence that the doctrine of Res Ipsa Loquitor applies.

   5. As a result of Dr. Wecowski's negligence, Maribeth Schonberg's right breast suddenly became hugely engorged with swelling from a ruptured breast implant.  Treatment required emergent surgery in November of 2022 to replace Maribeth's breast implant and correct the location of the vp shunt catheter. Plaiantiff is at a loss as to why he has been "stiffed" by defendant's outrageous refusal to pay the $20,000 settlement that it contractually agreed to pay for the terrible mistake by the defendant's physicians.

## Count II:  Intentional Misconduct of HCA Neurosurgeons and HCA

6. Maribeth Schonberg suffered from a profound subdural hematoma in March of 2023.  Whether it was related to the prior vp shunt malpractice is an open question.  But for the approximately 2 weeks before her death on April 10, 2023, Maribeth was totally unconscious and on mechanical ventilation in just a horrible, gruesome state.  Here is a photo[2] of Maribeth on April 6, 2023:

---

[2] Plaintiff has a video of Maribeth which is even more disturbing to him then this photo.



7. Maribeth Schonberg's Living Will asked that she not be kept artificially alive, totally unconscious, and dependent on a mechanical ventilator. Plaintiff provided that Living Will to defendant's NICU nurses early in Maribeth's final hospitalization.

8. Despite the Living Will and plaintiff's wishes that Maribeth be disconnected from the ventilator, defendant's physicians refused and kept Maribeth surviving artificially for approximately two weeks.

9. For the first several days of Maribeth's artificial ventilation plaintiff made the trek to see her every day. Maribeth was in the Neurosurgery Intensive Care Unit (NICU) at Ocala Regional which is approximately one quarter mile from the hospital entrance. Each day's trek on the hard hospital floors was debilitating for the 80 year old plaintiff and took him about 25 minutes of walking (and shuffling) for the ½ mile round trip.

10. Maribeth Schonberg had health insurance coverage from Medicare and from United Healthcare. Because of a conflict of interest, defendant and its physicians kept Maribeth alive against her will for many days. The doctors and hospital corporation wanted the profits from the huge fees generated by a fully insured NICU patient, while Maribeth's wishes were that she be allowed to die. Defendant's physicians probably violated the False Claims Act, 31 U.S.C. §§ 3729-3733, by unnecessarily running up their fees and those for HCA Ocala Hospital.

**Count III: Refusal to Pay the Settlement Amount**

11. By April 6, 2023, plaintiff sent defendant's attorneys the signed and notarized $20,000 settlement agreement as well as plaintiff's power of attorney authorizing him to sign the agreement on behalf of his comatose wife.

12. Despite defendant's attorneys promise that defendant would pay the $20,000 settlement, they have refused to do so. In fact, defendant's attorneys have totally ignored the email and telephone requests which plaintiff has made.

13. Under the terms of Maribeth Schonberg's last will and testament, plaintiff is entitled to the $20,000 that defendant has refused to pay to Maribeth Schonberg.

## Prayer for Relief

WHEREFORE, plaintiff respectfully requests this Court to:

1. Order the defendant to pay money damages in excess of $75,000 for Maribeth Schonberg's pain and suffering, travel expenses, and all medical expenses caused by defendant's misconduct regarding her vp shunt mess in the chest, should the settlement agreement be dissolved.

2. In the alternative, order the defendant to pay Maribeth Schonberg, deceased, $20,000 as set forth in the settlement agreement.

3. Order defendant to pay money damages in excess of $75,000 to plaintiff for his pain, suffering and emotional distress because of his wife's prolonged coma and the gruesome visits made to see his comatose wife who was being kept alive against her will.

4. Order defendant to pay punitive damages for intentional infliction of emotional distress of plaintiff by artificially keeping his wife alive against her will.

5. Order defendant to pay punitive damages to plaintiff because its physicians substituted their desire for monetary gain from insurance payments over the wishes of their patient, Maribeth Schonberg, and the plaintiff.

6. Order defendant to pay all costs, attorney fees and related expenses for the prosecution of this complaint.

5. Whatever other relief the Court deems just.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law, (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: May 9, 2023

Respectfully submitted,

_____
Steven Schonberg, *Pro Se*

## JURY DEMAND

Pursuant to FRCP rule 38, plaintiff hereby demands a trial by jury.

_____
Steven Schonberg, *Pro se*